# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 7 C 5880 | **DATE** | 3/10/2011 |
| **CASE TITLE** | Central States et al vs. Sara Lee Bakery Group, Inc. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth above, the Court overrules Sara Lee's Objections and accepts in full Judge Gilbert's well-reasoned Report. Accordingly, the Court enters final judgment in this case and orders damages in favor of Central States and against Sara Lee in the amount of $32,500.00 for delinquent pension contributions, interest through March 10, 2011 in the amount of $21,974.32, and double interest through March 10, 2011 in the amount of $21.974.32 The Court also orders Sara Lee to pay post-judgment interest at the rate of 2% plus the prime interest rate established by the JPMorgan Chase Bank as provided in Central States' Trust Agreement. Pursuant to 29 U.S.C. § 1132(g)(2), Central States is also entitled to reasonable attorneys' fees

■[ For further details see text below.]  Docketing to mail notices.

# STATEMENT

Central States, Southeast and Southwest Areas Pension Funds and Howard McDougell, Trustee (collectively "Central States") sued Sara Lee Bakery Group, Inc. ("Sara Lee") pursuant to Section 515 of the Employee Retirement Income Security Act, 29 U.S.C. § 1145 ("ERISA") to collect allegedly delinquent pension contributions on behalf of six employees. On September 28, 2009, this Court granted summary judgment in favor of Central States.[1] Specifically, the Court determined that Sara Lee was liable to Central States for unpaid contributions in the amount of $65.00 per week on behalf of each of the six former Metz Baking Co. employees from February 14, 2001, through the earlier of three dates: (1) the first anniversary date following a termination notice that complied with the Collective Bargaining Agreement ("CBA") between Teamsters Local 955 ("Local 955") and Metz; (2) the date the former Metz employees stopped working for Earthgrains Baking Companies, Inc. ("Earthgrains"); or (3) the date, following the arbitrator's award in favor of Local 955, that Sara Lee and Local 955 mutually modified the CBA to end Local 955's representation rights. ®. 72 at 27.)

Lacking sufficient evidence to properly calculate damages, however, the Court ordered the parties to brief the issue and subsequently referred the matter to Magistrate Judge Gilbert.[2] After reviewing the parties' written submissions and hearing oral argument, Judge Gilbert recommended that this Court award damages to Central States and against Sara Lee in the amount of $32,500.00 for delinquent pension contributions. ®. 105 at 16.) Judge Gilbert also recommended interest through June 15, 2010 in the amount of $19,928.86, double interest through June 15, 2010 in the amount of $19,928.86, and post-judgment interest at a rate of 2% plus the prime interest rate established by the JPMorgan Chase Bank. (*Id*.) In reaching this conclusion, Judge Gilbert made the following findings. First, Judge Gilbert concluded that because Sara Lee had made payments on behalf of the six former Metz employees through the week ending February 24, 2001, with respect to all six employees, the start date for the calculation of damages begins on February 25, 2001. (*Id*. at 7.) Judge Gilbert then found that because two of the six employees—Russell Griffin and Richard Roberts—stopped working for Earthgrains on May 11, 2001 and December 6, 2002, respectively, Sara Lee only owes contributions for these two employees

through their last week of employment. (*Id*. at 12.) Finally, Judge Gilbert concluded that, for the remaining four employees, Sara Lee owes contributions through January 17, 2003. According to Judge Gilbert, January 17, 2003 is the date on which Sara Lee and Local 955 mutually modified the CBA to end Local 955's representation rights.[3]

Sara Lee objects to Judge Gilbert's Report and Recommendation ("the Report"), arguing that Judge Gilbert erred in determining that Sara Lee owes contributions beyond March 23, 2002. Specifically, Sara Lee asserts that: (1) Local 955 disclaimed interest in the bargaining unit and its CBA well before January 17, 2003; (2) the evidence shows that Local 955 had provided Sara Lee with a notice of termination more than sixty days before March 23, 2002, which resulted in the termination of the CBA on March 23, 2002. After reviewing the issues to which Sara Lee objects de novo, *see* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3),[4] the Court concludes that Sara Lee's objections have no merit. Accordingly, the Court accepts Judge Gilbert's recommended disposition in its entirety.

**I.    Local 955 did not disclaim its interest in the former Metz employees until January 17, 2003**

Sara Lee first argues that Judge Gilbert erred by concluding that Sara Lee owes contributions through January 17, 2003. Sara Lee asserts that Local 955 disclaimed its interest in the former Metz employees "months" before that date. (R. 106 at 5.) Although Sara Lee does not provide the Court with a specific date on which this alleged disclaimer of interest occurred, its primary argument is that Local 955 did nothing to implement the arbitration award after it was issued on April 17, 2002, and thus disclaimed its interest in the employees.

The first problem with this argument is that Sara Lee did not present it to Judge Gilbert. Arguments not made before a magistrate judge are generally waived. *See United States v. Melgar*, 227 F.3d 1038, 1040 (7th Cir. 2000); *see also*, *e.g.*, *Finwall v. City of Chicago*, 239 F.R.D. 504, 506 (N.D. Ill. 2006) (Manning, J.) (party may not raise an argument for the first time in his objection to the magistrate judge's order); *Cummins-Allison Corp. V. Glory, Ltd.*, No. 02 C 7008, 2003 WL 22125212, at *16 (N.D. Ill. Sept. 5, 2003) (Guzman, J.) ("A court is not required to hear arguments that have not been made before a magistrate judge and any new arguments are generally considered to be waived."). While "waiver is a flexible doctrine, . . . there are good reasons for the rule that district courts should not consider arguments not raised initially before the magistrate judge." *Melgar*, 227 F.3d at 1040. First, the failure to raise arguments before the magistrate judge often means that "the facts relevant to their resolution" have not been developed and, as such, may prejudice the other party. *Id*. Further, a district court's consideration of new arguments that were not raised before the magistrate judge "undercut[s] the rule that the findings in a magistrate judge's report and recommendation are taken as established unless the party files objections to them." *Id*.

Here, before it filed its Objections to Judge Gilbert's Report, Sara Lee had never argued that Local 955 disclaimed its interest in the former Metz employees sometime between April 17, 2002 and January 17, 2003. To the contrary, Sara Lee asserted in its damages briefs that its duty to contribute ended on March 23, 2002—the date on which it claims the CBA was terminated with notice. Because Sara Lee failed to raise its disclaimer of interest argument before Judge Gilbert, the argument is waived. *See*, *e.g.*, *Ice Glass Prints, Fla, LLC v. Surprize LLC*, No. 08 C 5284, 2010 WL 1702195, at *4 (N.D. Ill Apr. 27, 2010) (Andersen, J.) (declining to reach an argument that was raised for the first time in the objections to the magistrate judge's report and recommendation).

Regardless, Sara Lee's disclaimer argument fails on the merits. "For a disclaimer to be effective, it must

be a clear, unequivocal, and unqualified disclaimer of all interest in the work in question." *Int'l Union of Elevator Constructors, Local 8 and Nat'l Elevator Bargaining Ass'n (Otis Elevator Co.)*, 355 N.L.R.B. —, 2010 WL 768834, at *4 (Feb. 19, 2010). The burden of proving such a disclaimer falls to the party raising the disclaimer issue. *Laborer's Int'l Union of N. Am., Local 113, AFL-CIO and Super Excavators, Inc. and Int'l Union of Operating Eng'rs, Local 139, AFL-CIO*, 338 N.L.R.B. 472, 475 (2002) (citing *Operating Eng'rs Local 150 (Austin Co.)*, 296 N.L.R.B. 938, 939 (1989)). Further, "[c]onduct inconsistent with a disclaimer militates against its effectiveness." *Int'l Union of Elevator Constructors, Local 8*, 2010 WL 768834, at *4. Accordingly, "an otherwise clear and unequivocal disclaimer may be rendered ineffective by subsequent union conduct manifesting a continuing jurisdictional claim." *Id.* (citing *Operating Eng'rs Local 150 (R&D Thiel)*, 345 N.L.R.B. 1137, 1139 (2005). Here, not only has Sara Lee failed to present evidence that Local 955 clearly and unequivocally disclaimed its interest in the former Metz employees, the union's presence at the January 17, 2003 settlement meeting would render any previous disclaimer ineffective. Thus, the Court concludes that Local 955 did not disclaim its interest in the former Metz employees until, as Judge Gilbert concluded, January 17, 2003. Sara Lee's objection is overruled.

## II. Sara Lee's previous admission bars it from introducing evidence that Local 955 terminated the CBA

Sara Lee next argues that Judge Gilbert erred by concluding that the CBA was not terminated on March 23, 2002. Specifically, Sara Lee contends that the evidence shows that Local 955 provided a timely notice of termination that resulted in the termination of the CBA on March 23, 2002. For support, Sara Lee points to the arbitration hearing testimony of Stuart Smith ("Smith"), a former Human Resources Director for Sara Lee and Earthgrains; Smith's supplemental affidavit; and a summary of information from a database of records of the Federal Mediation and Conciliation Service ("FMCS"), which it claims proves Local 955 provided notice of termination by filing a Form 7 with the FMCS.

Sara Lee, however, has expressly waived any argument that either party issued a written notice of termination by admitting in its Response to Central State's Amended Local Rule 56.1 Statement of Material Facts that "[n]o written notices of termination were ever served by any party, on any party." ®. 62 ¶ 31; *see also* R. 72 at 6 ("At no time prior to, or after February 14, 2001, did either Metz or Local 955 serve each other with a written termination notice of their CBA.").) This Court has already rejected Sara Lee's attempt to get out from under this admission, concluding both that Sara Lee's Motion to Withdraw and Amend its Admission was untimely and that it failed to demonstrate that this evidence was newly discovered or previously unknown. (*See* R. 89 at 2.) Because Sara Lee admitted that no party to the Local 955 CBA provided a written of termination, it is bound by that statement and cannot now argue that the evidence demonstrates otherwise. *See Tobey v. Extel/JWP, Inc.*, 985 F.2d 330, 333 (7th Cir. 1993) ("An admission trumps evidence, rather than vice versa."). As such, the Court will not entertain Sara Lee's argument that, after March 23, 2002, there was no contract between it and Local 955. Sara Lee's objection to Judge Gilbert's Report is overruled.[5]

## III. The evidence supports Judge Gilbert's conclusions

Finally, Sara Lee claims that Judge Gilbert's Report is erroneous because Central States has not provided evidence that the former Metz employees were performing covered work after February 14, 2001 when they moved to Earthgrains and because there are genuine issue of material fact as to whether Local 955 disclaimed interest in the six employees on January 17, 2003. Not only has Sara Lee waived these arguments by not presenting them to Judge Gilbert, *see Melgar*, 227 F.3d at 1040, they lack merit. In its September 28, 2009 Opinion, this Court specifically held that "its finding that the former Metz employees were performing work

| STATEMENT |
|---|

within the jurisdiction of the Local 955 CBA while working at the Earthgrains depot is not necessary to hold Sara Lee liable to [Central States] for delinquent pension contributions." (®. 72 at 24.) According to the Opinion, "Sara Lee cannot reasonably make the argument that [Central States] is not entitled to pension contributions on behalf of the former Metz employees because they did not perform work under the Local 955 CBA when they would have *but for* Sara Lee's breach." (*Id*. at 25.) Thus, proof that the six employees were performing covered work is unnecessary.

Further, the undisputed facts demonstrate that the January 17, 2003 meeting was the point at which Local 955 disclaimed its interest in the former Metz employees. During this meeting, representatives from Local 955, Local 795, and Sara Lee met to implement the arbitrator's "make whole" remedy. (*Id*. at 7.) Sara Lee and Local 955 agreed that monetary payments to each of the six employees would satisfy the arbitration award, and at no time during the meeting did Local 955's representative assert that the former Metz employees should return to a Local 955 contract. (*Id*.) The evidence supports Judge Gilbert's conclusion that this is the final act Local 955 took on behalf of the six employees and Sara Lee has not presented evidence that could lead a reasonable jury to conclude otherwise. Thus, Sara Lee's objections on evidentiary grounds are also overruled.

## IV. Conclusion

For the reasons set forth above, the Court overrules Sara Lee's Objections and accepts in full Judge Gilbert's well-reasoned Report. Accordingly, the Court enters final judgment in this case and orders damages in favor of Central States and against Sara Lee in the amount of $32,500.00 for delinquent pension contributions, interest through March 10, 2011 in the amount of $21,974.32, and double interest through March 10, 2011 in the amount of $21.974.32 The Court also orders Sara Lee to pay post-judgment interest at the rate of 2% plus the prime interest rate established by the JPMorgan Chase Bank as provided in Central States' Trust Agreement. Pursuant to 29 U.S.C. § 1132(g)(2), Central States is also entitled to reasonable attorneys' fees and costs. The parties are directed to abide by the procedures set forth in Local Rule 54.3.

---

1. An extensive background of this dispute can be found in the Court's September 28, 2009 Order, (R. 72.), and Judge Gilbert's Report and Recommendation, (R. 105.).

2. The case was initially referred to Magistrate Judge Ashman, but was reassigned to Magistrate Judge Gilbert upon his appointment to the bench. (R. 99.)

3. Judge Gilbert declined, at the parties' request, to offer a recommendation as to attorneys' fees and costs. According to the Report and Recommendation, Central States intends to file a fee petition pursuant to Local Rule 54.3 once the Court enters final judgment. (R. 16.)

4. *C.f. Alpern v. Lieb*, 38 F.3d 933, 935 (7th Cir. 1994) ("The power to award sanctions, like the power to award damages, belongs in the hands of the district judge.").

"If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error." *Johnson v. Zema Syst. Corp.*, 170 F.3d 734, 739 (7th Cir.1999).

5. To the extent that this argument was not waived, the Court has conducted a de novo review of the issue and agrees with Judge Gilbert's analysis that Sara Lee has not presented incontestable evidence that the CBA was terminated. (*See* R. 105 at 9-12.)